# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Bankr. Case No. 16-1036 (CSS) |
| PARAGON OFFSHORE PLC, | : | |
| | : | |
| Debtor. | : | Adv. Proc. No. 17-51882 (CSS) |
| _____ | : | |
| NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD., NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à.r.l., NOBLE FDR HOLDINGS LIMITED, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JOHN A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELL, JULIE J. ROBERTSON, and DAVID WILLIAMS, | : | |
| Appellants-Cross-Appellees, | : | C. A. No. 18-1277-CFC |
| v. | : | BAP No. 18-43 |
| PARAGON LITIGATION TRUST, | : | C. A. No. 18-1345-CFC |
| Appellee-Cross-Appellant. | : | |

## **RECOMMENDATION**

At Wilmington this **14th** day of **September, 2018**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would

not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Consistent with the order of September 4, 2018 in both of these matters, the parties submitted letters regarding their positions on mediation as required by the aforementioned Standing Order of September 12, 2012. A brief overview of the history of the proceedings in Bankruptcy Court are as follows. Paragon Offshore plc and twenty-five of its affiliates each filed a Chapter 11 petition for relief. The Bankruptcy Court on June 7, 2017, entered an order which confirmed the Fifth Joint Chapter 11 Plan, which created the Trust to prosecute the Noble Claims.[1] The Trust filed an adversary proceeding in Bankruptcy Court on December 15, 2017, which alleged breach of fiduciary duty and aiding and abetting breach of fiduciary duty against the Individual defendants[2] and unjust enrichment and fraudulent transfer claims against the Noble defendants, issues involved in this appeal.[3] On August 6, 2018, the Bankruptcy

---

[1] The Noble defendants include Noble Corporation plc, Noble Corporation Holdings, Ltd., Noble Corporation, Noble Holding International (Luxembourg) S.a.r.l., Noble Holding International (Luxembourg NHIL) S.a.r.l, Noble FDR Holdings Limited.

[2] The Individual defendants are Michael A. Cawley, Julie H. Edwards, Gordon T. Hall, Jon A. Marshal, James A. Maclennan, Mary P. Ricciardello, Julie J. Robertson, and David Williams.

[3] Although the Trust may disagree with the characterization by the Appellants of the Bankruptcy Court's Order (whether the Bankruptcy Court granted or stayed arbitration for the Trust's unjust enrichment claim), as evident in the Trust's separate filing to the joint submission addressing mediation, this issue and the denial of Appellant's request to dismiss the Trust's breach of fiduciary duty and aiding and abetting breach of fiduciary duty causes of actions in favor of arbitration and to stay the Trust's fraudulent conveyance causes of action pending arbitration are the subject of this appeal and cross-appeal.

All parties to this appeal/cross appeal also agreed to the same proposed briefing schedule, which this court ordered to be filed on September 14, 2018 for consideration by Judge Connolly. According to the proposed joint briefing schedule Appellants' opening brief was due on September 14, 2018.

Court issued its Order which is the subject of this appeal and cross-appeal. On August 20, 2018, Appellants' filed a notice of appeal, with a notice of a cross-appeal filed by the Trust on August 29, 2018.

None of the parties desire to pursue mediation as set forth in the Standing Order. The parties request expedited consideration of these appeals since it "serves judicial economy by resolving *ex ante* which claims, if any, properly belong in arbitration" and would provide "certainty that the claims are heard in the proper fora at the appropriate time." Their joint proposed briefing schedule is as follows:

| | |
|---|---|
| Appellants' Brief | September 14, 2018 |
| Trust's Combined in opposition to appeal and in support of cross-appeal | October 10, 2018 |
| Appellants' combined reply brief in support of appeal and answering brief in opposition to cross-appeal | October 24, 2018 |
| Trust's reply brief in support of of cross- appeal | November 5, 2018 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), both these matters, 18-1277-CFC and 18-1345-CFC be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since this Recommendation is consistent with the parties' request for removal from mandatory mediation, no objections are expected to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge